IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **OurPet's Company**, 1300 East Street, Fairport Harbor, Ohio 44077, <br><br>Plaintiff, <br><br>v. <br><br>**Sergeant's Pet Care Products, Inc.**, c/o Roberta L. Christensen, Registered Agent, 1125 South 103rd Street, Ste. 800, Omaha, Nebraska 68124, <br><br>Defendant. | Case No. <br><br>Judge <br><br>Magistrate <br><br>**COMPLAINT FOR PATENT INFRINGEMENT** <br><br>*(Jury Demand Endorsed Hereon)* |

NOW COMES the Plaintiff, *OurPet's Company*, and for its Complaint against the Defendant alleges as follows:

## THE PARTIES

1. The Plaintiff, OurPet's Company, is a corporation organized under the laws of Colorado, and has its principal place of business in Fairport Harbor, Ohio, which is in Lake County.

2. The Defendant, Sergeant's Pet Care Products, Inc., is a corporation organized under the laws of Nevada, and has its principal place of business in Omaha, Nebraska.

## JURISDICTION AND VENUE

3. This is an action for patent infringement. The patent claims arise under the patent laws of the United States, specifically 35 U.S.C. § 281. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 because this action arises

under the patent laws of the United States. Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum of $75,000 and the action is between citizens of different states.

4. This Court has personal jurisdiction over the Defendant by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

5. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and the infringement occurred within this judicial district.

## FACTUAL ALLEGATIONS

6. Since its founding in 1995, the Plaintiff has designed, produced, and marketed a broad line of innovative, high-quality accessory and consumable pet products in the United States and overseas.

7. The Plaintiff has dedicated extensive time to the understanding of pet aging and its critical link to nature.

8. Along with proper nutrition, mental stimulation, physical exercise, and veterinary care, the Plaintiff's products help to maintain the health and wellness of pets.

9. The Plaintiff strives to develop truly unique and innovative products. In fact, almost all of the Plaintiff's products are patented and are the only ones of their kind in the marketplace.

10. The Plaintiff has become a leader in feeding systems to improve the health and comfort of pets. It has also developed interactive toys that provide fun, rewarding mental and physical

Plaintiff's Complaint - 2

2 - 2 -

challenges to pets. It has also developed healthy consumables for achieving and maintaining high mental, physical, and immune levels for pets.

11. Dr. Steve Tsengas is the founder and CEO of the Plaintiff corporation.

12. On April 30, 2002, United States Design Patent No. D456,570, entitled "Combined Pet Toy and Exerciser" (hereinafter referred to as the '570 patent) duly and legally issued to Steven Tsengas, as inventor, for the aforementioned Combined Pet Toy and Exerciser. <u>(A true and accurate copy of the '570 patent as issued is attached hereto as "Exhibit 1.")</u>

13. All rights to the '570 patent, including but not limited to, the right to recover for infringement thereunder, has been assigned to the Plaintiff, OurPet's Company.

14. The Plaintiff has manufactured and marketed a product in commerce that reads on the '570 patent, namely, the Plaintiff's Atomic Treat Ball™.

15. The Plaintiff's Atomic Treat Ball™ has enjoyed considerable sales success, but less success than should be but for the Defendant's actions.

16. The Plaintiff's Atomic Treat Ball™ has been marketed throughout commerce and is marked as protected by the '570 patent, thus complying with 35 USC § 287 *et seq*.

17. Upon information and belief, the Defendant, at all times relevant, had actual knowledge of the Plaintiff's Atomic Treat Ball™ and of the existence of the '570 patent. The Plaintiff previously sent Cease & Desist letters to the Defendant that went ignored by the Defendant.

18. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing pet toys that infringe the '570 patent. The Defendant has infringed the Plaintiff's patent by, including but not limited to, making, using, offering for sale, selling, and importing their "The Loved Dog by Tamar Geller WOOFIE WOBBLER chew / occupier."

(See the Defendant's product packaging of the infringing product attached hereto as "Exhibit 2.")

19. The Defendant's product infringes the design of the '570 patent.  (See an infringement chart relative to the Defendant's product compared to the '570 patent attached hereto as "Exhibit 3.")

20. The design of the Plaintiff's '570 patent incorporates four spherical-shaped lobes interconnected into a pyramidal configuration.  The number and configuration of these spherical shaped lobes are points of novelty that distinguishes it from the prior art. The Defendant's product shows four spherical-shaped lobes interconnected into a pyramidal configuration, thereby co-opting this point of novelty protected by the Plaintiff's '570 patent.

21. The specimen sample of the Defendant's infringing product as depicted in "Exhibits 2 and 3" was sold and purchased in Ohio within this judicial district.  (See a copy of the sales receipt attached hereto as "Exhibit 4.")

22. The aforementioned activities of the Defendant have injured and threaten future injury to the Plaintiff.  More specifically, the Defendant's activities have diminished the Plaintiff's goodwill and caused the Plaintiff to lose sales that it otherwise would have made but for the sales of the Defendant.

23. The Defendant is not authorized in any way to sell their infringing products or to use the patent owned by the Plaintiff.

24. The Plaintiff is entitled to an award of damages against the Defendant for patent infringement.

### CLAIM NO. 1
*(Patent Infringement 35 U.S.C. § 271)*

25. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

26. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing pet toys that infringe the '570 patent. (Ex. 2 and 3.)

27. The Defendant has sold its infringing product in this judicial district as demonstrated by the sales receipt within "Exhibit 4." (Ex. 4.)

28. The Defendant has infringed the '570 patent because the Defendant's accused article, namely, the "The Loved Dog by Tamar Geller WOOFIE WOBBLER chew / occupier," embodies the patented design of the '570 patent or any colorable imitation thereof. (Ex. 2 and 3.)

29. The Defendant's product is substantially similar to the '570 design patent under the "ordinary observer" test enunciated in *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008); Citing *Gorham Co. v. White*, 81 U.S. 511 (1871).

30. The Defendant's conduct is an infringement of the '570 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

31. The Defendant will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

32. The Defendant has been, and is, actively inducing infringement of the '570 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

33. The Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiff's patent rights, and wanton, and as a result, the Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

34. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorneys' fees is justified.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court to enter an Order in favor of the Plaintiff and against the Defendant as follows:

A) A preliminary injunction enjoining the Defendant from making, using, or selling any product that infringes upon the '570 patent;

B) A permanent injunction enjoining the Defendant from making, using, or selling any product that infringes upon the '570 patent;

C) An accounting for damages resulting from Defendant's patent infringement and contributory infringement and the trebling of such damages because of the knowing, willful, and wanton nature of the Defendant's conduct;

D) An assessment of interest on the damages so computed;

E) An award of attorney's fees and costs in this action under 35 U.S.C. § 285;

F) Judgment against Defendant indemnifying the Plaintiff from any claims brought against the Plaintiff for negligence, debts, malpractice, product liability, or other breaches of any duty owed by the Defendant to any person who was confused as to some association between the Plaintiff and Defendant as alleged in this Complaint;

G) Judgment against Defendant for an accounting and monetary award in an amount to be determined at trial;

H) Requiring Defendant to account to the Plaintiff for all sales and purchases that have occurred to date, and requiring the Defendant to disgorge any and all profits derived by Defendant for selling infringing product.

I) Requiring Defendant to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

J) Requiring Defendant to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

K) Requiring Defendant to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiff;

L) Ordering a product recall of infringing product for destruction;

M) Requiring Defendant to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

N) Requiring Defendant to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

O) Damages according to each cause of action herein; and

P) Prejudgment interest.

## **JURY DEMAND**

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Most Respectfully Submitted,


   **/s/ David A. Welling**
**C. VINCENT CHOKEN (0070530)**
**DAVID A. WELLING (0075934)**
*Choken & Welling, LLP*
3020 West Market Street
Akron, Ohio 44333
Tel.    (330) 865 – 4949
Fax    (330) 865 – 3777
vincec@choken-welling.com
davidw@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
*Patent, Copyright & Trademark Law Group, LLC*
4199 Kinross Lakes Parkway, Suite 275
Richfield, OH 44286
Tel.    (330) 253 – 2225
Fax    (330) 659 – 5855
johng@inventorshelp.com

*Counsel for the Plaintiff*